## C. WRIGHT V. THE STATE.

### No. 5070. Decided June 12, 1918.

**1.—Gaming—Bills of Exception.**

Where, upon appeal from a conviction of keeping a gambling house, it appeared from the record that the bills of exception were not filed in time, they can not be considered.

**2.—Same—Objections to Charge of Court.**

Where no exceptions were taken to the charge of the court, at the proper time, and only in the motion for a new trial, the defects in the charge not being fundamental, the matter can not be considered on appeal.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of permitting gambling with dice, etc., the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Galveston. Tried below before the Hon. Robt. G. Street.

Appeal from a conviction of permitting gambling with dice; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. C. Turnley* and *V. M. Clark,* for appellant.—Cited Johnson v. State, 42 Texas Crim. Rep., 87; James v. State, 72 Texas Crim. Rep., 457, 163 S. W. Rep., 61.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains two counts. In the first appellant was charged with keeping and being interested in keeping a house for the purpose of being used as a place to bet and wager and gamble with dice, etc., and where people resort for the same purpose, and in the second, that he knowingly permitted the property to be kept for such purposes.

The bills of exception can not be considered inasmuch as they were filed at a time when not authorize⸗ The court entered an order authorizing the filing of bills of exception within thirty days after adjournment of court. Court adjourned on the 30th of March. The bills of exception were not filed until the 17th of May, and the record contains no order of extension of time in which to file such bills.

There was no exception taken to the charge. It is for the first time attacked in the motion for new trial. The charge is not as clear and explicit as it should be, yet in view of the fact no exception was reserved

and no special charge requested, the defects in the charge are not of such a fundamental nature as to require consideration without an exception being taken at the time the statute requires.

It is also contended that the evidence is not sufficient to sustain the conviction. We are of opinion that this contention is not sustained by the record. Appellant rented, it seems, a two-story house, the upper rooms of which were rented by him to others, he keeping the lower story. From the evidence it would be gathered that gambling was carried on exclusively in the upper part of the house. The evidence also shows that people resorted there, and gambling was carried on, at least by the use of dice. This had been going on for some time. The number of people gathering there varied. On one occasion a raid was made upon the house by the officers and thirty-six different persons were taken in custody. Appellant was not present when this occurred, and the evidence indicates he was not present at the different times when the gambling was going on.. The evidence, however, is to the effect that he was aware that gambling was being carried on and that crowds gathered for such purpose in these upper rooms. It was also shown that in the lower part of the house he had an electric piano which was used to the annoyance of the neighbors at times when people were assembled in the upper rooms. Complaint was made and the officers required appellant to cease playing the piano. Under the evidence it seems to us that appellant knew the situation and the conditions in his house, and that he is brought within the terms of the law which denounces a punishment for permitting gambling under the circumstances.

We are of opinion, therefore, this judgment on this record should be affirmed, and it is accordingly so ordered.

*Affirmed.*